UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DONALD ALLEN SCOTT,

        Petitioner,

v.

GREG SKIPPER,

        Respondent.

_____/

Case No. 1:18-cv-492

Honorable Robert J. Jonker

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

I. **Factual allegations**

Petitioner Donald Allen Scott is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory (RMI) in Ionia, Michigan. On April 1, 2016, in the Genessee County Circuit Court, Petitioner entered guilty pleas to one count of third-degree criminal sexual conduct (CSC-III), Mich. Comp. Laws § 750.520d(1)(b), and one count of assault by strangulation, Mich. Comp. Laws § 750.84(1)(b). (Plea Hr'g Tr., ECF No. 2-1.) Petitioner also admitted that he was a habitual offender and that this criminal incident was his third offense, Mich. Comp. Laws § 769.11. (*Id*., PageID.130-31.)

In exchange for his guilty pleas, the prosecutor dismissed certain charges, reduced the charges for which Petitioner entered his plea, and agreed to recommend a minimum sentence of nine years. On May 2, 2016, the court accepted the recommendation and imposed sentences of 9 to 30 years for CSC-III and 9 to 20 years for assault by strangulation, consistent with *People v. Killebrew*, 330 N.W.2d 834 (Mich 1982).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising one issue: "The trial court reversibly erred by failing to respond to [Petitioner's] objection to information contained in the presentence report; this error requires resentencing as a matter of due process." (Appellate Br., ECF No. 2-1, PageID.38.) On December 13, 2016, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." (Mich. Ct. App. Op., ECF No. 2-1, PageID.34.) Petitioner then sought leave to appeal in the Michigan Supreme Court raising the same single issue. The Michigan Supreme Court denied leave on June 27, 2017.

## Discussion

I. **Factual allegations**

Petitioner Donald Allen Scott is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory (RMI) in Ionia, Michigan. On April 1, 2016, in the Genessee County Circuit Court, Petitioner entered guilty pleas to one count of third-degree criminal sexual conduct (CSC-III), Mich. Comp. Laws § 750.520d(1)(b), and one count of assault by strangulation, Mich. Comp. Laws § 750.84(1)(b). (Plea Hr'g Tr., ECF No. 2-1.) Petitioner also admitted that he was a habitual offender and that this criminal incident was his third offense, Mich. Comp. Laws § 769.11. (*Id*., PageID.130-31.)

In exchange for his guilty pleas, the prosecutor dismissed certain charges, reduced the charges for which Petitioner entered his plea, and agreed to recommend a minimum sentence of nine years. On May 2, 2016, the court accepted the recommendation and imposed sentences of 9 to 30 years for CSC-III and 9 to 20 years for assault by strangulation, consistent with *People v. Killebrew*, 330 N.W.2d 834 (Mich 1982).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals raising one issue: "The trial court reversibly erred by failing to respond to [Petitioner's] objection to information contained in the presentence report; this error requires resentencing as a matter of due process." (Appellate Br., ECF No. 2-1, PageID.38.) On December 13, 2016, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." (Mich. Ct. App. Op., ECF No. 2-1, PageID.34.) Petitioner then sought leave to appeal in the Michigan Supreme Court raising the same single issue. The Michigan Supreme Court denied leave on June 27, 2017.

At sentencing, the principal issue was whether the court would accept or reject the sentence recommended by the prosecutor and agreed to by the Petitioner. The court specifically asked Petitioner whether he had read the PSIR. Petitioner said he had read it and that he had no corrections or additions to the report. (Sentencing Tr., ECF No. 2-1, PageID.147-148.) Petitioner's counsel likewise indicated he had no corrections or additions to the report. (*Id*.) The factual premise of Petitioner's argument—that the trial court failed to rule on Petitioner's objections to alleged inaccuracies in the PSIR—is wholly unsupported by the record.

Even though counsel and Petitioner accepted the PSIR as drafted, the parties had different versions of exactly what occurred. Both versions violated the criminal statute with which defendant was charged. In arguing for the court to accept the agreed-upon sentence, Petitioner noted that the PSIR reflected the offenses as they appear in the police report and perhaps the preliminary examination. (*Id*., PageID.149-150.) Counsel also noted that Petitioner's version of the incident was quite different and involved only digital, not penile penetration, either of which was sufficient for the same criminal liability. Counsel only raised the discrepancy between Petitioner's version of the events and the victim's version of events to convince the court to accept the *Killebrew* recommendation not to challenge the content of the PSIR or undermine the validity of the conviction.

Ultimately, Petitioner is not seeking a new sentencing, or any other relief beyond a change to the content of the PSIR. Petitioner explains the issue as follows:

> Petitioner is and was injured by this lack of conformity to the prescribed procedure wherein such information is construed literally by personnel of the Michigan Department of Corrections, who are responsible for processing petitioner through a sexual offender program and registration requirements. Petitioner is diagnosed with erectile dysfunction and unable to perform sexually, which is considered a cosmetic treatment issue which he is denied treatment for while incarcerated. Note to this effect is rebuffed by Corrections personnel who allege that it is inconsistent with the record and thus they designate this petitioner as unwilling to accept

> responsibility for his actions, such as causes dismissal from a program required to acquire release on parole, and other program and release benefits.

(Pet., ECF No. 1, PageID.4.) Thus, according to Petitioner the failure of the trial court to correct the purportedly inaccurate PSIR operates to his detriment while in MDOC.

On April 25, 2018, Petitioner filed his habeas corpus petition raising the same issue he raised in the Michigan appellate courts. (Pet., ECF No. 1, PageID.3.)

## II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not

include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. The content of the PSIR did not affect Petitioner's sentence

The Habeas Corpus statute authorizes the district court to entertain an application "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2254(a). Claims concerning the improper application of sentencing guidelines, however, are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

Certain aspects of sentencing have constitutional implications. For example, a sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980), *quoted in Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Inaccuracies in the PSIR in Petitioner's case would not violate due process because Petitioner cannot show that the trial court relied on the PSIR in imposing sentence. The trial court derived the maximum terms of Petitioner's offenses from the statutory mandate. The minimum portion of each sentence, however, was not derived from the sentencing guidelines as informed by the PSIR; it was derived from the parties' *Killebrew* agreement. (Sentencing Tr., ECF No. 2-1, PageID.152-153.) ("So at this time[,] honoring the *Killebrew* recommendation[,] the Defendant is remanded now to the custody of the sheriff on Count one to serve a sentence of not less than a hundred and eight months to . . . thirty years. Likewise, Count two, not less than a hundred and eight months to . . . twenty years[—]credit on each count for four hundred eleven days served.") The sentence agreement "'obviates the scoring of the sentencing guidelines . . . .'" *People v. Dunbar*, No. 333510, 2017 WL 5759754, *4 (Mich. Ct. App. Nov. 28, 2017); *see also United States v. Cieslowski*, 410 F3d 353, 364 (7th Cir. 2005) (concluding that a sentence imposed under a plea agreement "arises directly from the agreement itself" and not from the sentencing guidelines) *cited in People v. Velez*, No. 315209, 2015 WL 5945364, *4 (Mich. Ct. App., Oct. 13, 2015); *People v. Banks*, No. 326795, 2016 WL 3946207, *2 (Mich. Ct. App., July 21, 2016); *People v. Faher*, No. 328285, 2016 WL 6127902. *4 (Mich. Ct. App. Oct. 18, 2016).

Perhaps recognizing that his sentence was unaffected by any alleged inaccuracies in the PSIR, Petitioner turns instead to the impact the PSIR had on his eligibility for parole. However, though due process protects Petitioner's sentencing proceedings, it does not protect his early release on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty

interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. Accordingly, Petitioner fails to raise a claim of constitutional magnitude.

Petitioner has failed to demonstrate that the state court's resolution of his constitutional claim is contrary to, or an unreasonable application of clearly established federal law. Moreover, Petitioner has failed to show that the factual findings upon which the state court rested Petitioner's convictions and sentences are unreasonable on the record. Accordingly, Petitioner is not entitled to habeas relief.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so

lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     May 25, 2018            /s/ Robert J. Jonker
                                                                            ROBERT J. JONKER
                                                                            CHIEF UNITED STATES DISTRICT JUDGE